AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

Eastern District of Michigan

UNITED STATES OF AMERICA

Robert Smith
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 12-30684

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)
- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
NOV 09 2012
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

11/9/12
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# Robert Smith Order of Detention

This is a presumption case. Defendant is charged by way of indictment out of the Southern District of West Virginia with Distribution of a Controlled Substance (490 Oxycodone pills). He faces a minium 10 year prison sentence and a potential maximum sentence of life in prison.

Defendant is a 40 year old single unemployed father of five children, ages four months to 19 years. All of his children live with their respective mothers. Defendant resides with his sister who supports him with the monthly $700 SSI disability payments she receives from the State of Michigan (her only source of income), and Defendant receives approximately $300 monthly from the State of Michigan for assisting with her care (Defendant's only source of income). Defendant is not able to contribute to the financial support of his children to any appreciable degree. His only asset is his home which he values at $8000. Defendant is a life long resident of the district and his children are his only family ties to the district. He has a $22,022 arrearage in his child support payments as his only financial debt, and claims $450 monthly for his utility costs.

Defendant has a life long marijuana habit and admits to using regularly for the past 20 years.

Defendant has a long criminal history, with at least a dozen criminal contacts and convictions, beginning at the age of 18 and continuing until the present time. At one time he used an alias, Jesse James Hawkins, as he was committing crimes of theft on a regular basis. He has one 2007 drug conviction for felony possession of methamphetamines and Ecstacy, multiple felony and misdemeanor convictions for fraud, retail fraud, larceny, and theft, including Felony Stolen Vehicle (3 counts) and Habitual Offender. He has one outstanding warrant for Failure to Appear for Non-payment of Child Support.

Pretrial Services interviewed this Defendant and recommended bond with conditions. This Court, in view of the presumption in favor of detention, has reviewed the factors for consideration under 18 USC 3142 (g) and comes to the conclusion that the presumption of detention has not been rebutted sufficiently to warrant a bond. Specifically, these charges concern a crime involving controlled substances, the weight of the evidence is strong given the fact that Defendant is caught on video selling Oxycontin to an undercover agent during a controlled buy, he is unemployed, his criminal history is longstanding and ongoing, he has a 20 year marijuana habit and he consumes regularly, his financial resources are de minimus, and the nature of the alleged crimes poses a serious danger to the community. Furthermore Defendant is now facing a sentence of 10 years to life, which is a huge departure from any of the previous sentences imposed when he was under the jurisdiction of the state courts.

For all of these reasons Defendant does pose a danger to the community and he, to a lesser extent, in view of the sentence he is facing, may pose a risk of flight, as he has no ties to the Southern District of West Virginia. There is no condition or combination of conditions that would assure his appearance in West Virginia, and therefore Detention is Ordered.